**Joseph A. SLABAUGH, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

No. 72–1860.

United States Court of Appeals, Sixth Circuit.

March 9, 1973.

Harry E. Youtt, Cleveland, Ohio, for appellant.

Joseph T. McGinness, Asst. U. S. Atty., Frederick M. Coleman, U. S. Atty., on brief for appellee.

Before McCREE and LIVELY, Circuit Judges, and KENNEDY, District Judge.*

PER CURIAM.

This appeal concerns the refusal of a 21-year old male member of the Old Order Amish sect, who had been classified by his local draft board as a conscientious objector, to report for alternate civilian service. The alternate service which he was directed to perform consisted of work in a state hospital in a community other than the one in which he resided. He based his refusal on the conviction that obedience to the Commandment, "Thou shalt not kill" made it impossible for him to perform any service which might have the effect of even indirectly aiding the military establishment of the country in performing its mission. Also in reliance on Wisconsin v. Yoder, 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972), appellant has asked the Court to recognize the exceptional requirements which the Amish religion makes of its adherents and the disruptive effect on Amish values of a forced co-mingling with the world at large. In *Yoder* a great deal of evidence was introduced on the subject of whether forced attendance at public schools did have such a disruptive effect on Amish values. No evidence was produced by the appellant at his trial in the District Court that the alternate service ordered in this case would have such an effect.

The appellant maintains that in cases where a religion makes the exceptional demands upon its adherents which the Amish faith is known to make, the members of such a religion are entitled to a total exemption from service based on the "free exercise of religion" provisions of the First Amendment rather than the statutory substitution of alternative civilian service provided for conscientious objectors. This Court considered a similar argument with respect to a member of Jehovah's Witnesses in Rase v. United States, 129 F.2d 204 (6th Cir. 1942), and concluded that there is no constitutional grant of immunity from military service because of one's religious convictions or activities. We continue to adhere to that decision. The Selective Service authorities recognized appellant's sincere religious convictions and accordingly classified him as a conscientious objector who was exempt from military service. Having received this classification, appellant was entitled to fulfill his obligation of citizenship by performing alternate civilian service. His refusal to report for such service was a violation of 50 App. U.S.C. § 462, and the District Court so found.

It is ordered that the judgment of the District Court be, and hereby is, affirmed.

---

* Honorable Cornelia G. Kennedy, United States District Judge for the Eastern District of Michigan, sitting by designation.